JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-1256-RGK (AJWx)** | Date | July 20, 2016 |
|---|---|---|---|
| Title | ***HBK-WILLOW, LLC v. VEGGIE CREATIONS, INC. et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On June 14, 2016, Defendant Veggie Creations, Inc. ("Defendant") removed this action from state court to federal court on the ground of diversity jurisdiction.

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441, et seq. The Ninth Circuit has held unequivocally that the removal statute is construed strictly against removal. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal jurisdiction means that "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see also In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").

The Court's review of the Complaint filed by HBK-Willow, LLC ("Plaintiff") on June 7, 2016, shows a discrete action for unlawful detainer, an action which exclusively invokes authority pursuant to California statute. Federal Jurisdiction based on complete diversity requires that all parties to the action are completely diverse in citizenship, and that the amount in controversy exceeds $75,000. In an unlawful detainer action, where the plaintiff seeks only possession of rented property, the amount in controversy is based solely on the rental value for the period in which the defendant is in wrongful possession of the property. Where the plaintiff seeks possession of the rented property *and* forfeiture of a lease, the amount in controversy includes not just the damages arising from wrongful possession, but also the value of the leasehold. The value of the leasehold is generally equivalent to one year's rent. *See Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia Street LLC*, 2016 WL 524805 *6 (N.D. Cal. Feb. 10, 2016); *see also Bally Total Fitness Corp. v. Contra Costa Retail Ctr.*, 384 B.R. 566, 571 (Bankr. N.D. Cal. 2008).

Here, Plaintiff indicates in its Complaint that it demands possession of the premises because of expiration of a fixed-term lease. There is no request for forfeiture of the lease. Therefore, the amount in controversy in this action is calculated based only the rental value for the period in which Defendant is allegedly in wrongful possession of the property. While the Complaint indicates that the amount demanded exceeds $25,000, Defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000.

For the foregoing reasons, the above-entitled case is ordered **REMANDED** to the Superior Court for all further proceedings for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

:

Initials of Preparer